IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOHN ROBERSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0339-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Billy John Roberson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated assault with a deadly weapon and sentenced him to six years confinement. Although petitioner timely perfected an appeal, he did not file a reporter's record as required by the Texas rules. This prompted the state appeals court to order the trial judge to conduct a hearing for the purpose of determining whether petitioner had been deprived of a record because of ineffective assistance of counsel, indigence, or for any other reason. When petitioner failed to appear at the hearing,[1] the trial court found that he no longer desired to prosecute his appeal. The court of appeals adopted that finding, considered the appeal without the reporter's record or briefs, and affirmed petitioner's conviction. *Roberson v. State*, No. 05-05-00629-CR, 2006 WL

---

[1] Petitioner was out on bond pending appeal and was duly notified of the hearing to determine the status of the reporter's record. (SF-Hrg., 1/6/06 at 2-3).

147397 (Tex. App.--Dallas, Jan. 20, 2006, pet. dismissed). A petition for discretionary review was dismissed as untimely. *Roberson v. State*, No. 0454-06 (Tex. Crim. App. Apr. 12, 2006).

Shortly after his conviction was affirmed by the state appeals court, but before petitioner filed a petition for discretionary review, he filed a federal civil rights action seeking $55 million in damages and immediate release from custody. The court dismissed petitioner's damage claim with prejudice, construed the remainder of his complaint as an application for writ of habeas corpus, and dismissed the habeas claims without prejudice for failure to exhaust state remedies. *Roberson v. State of Texas*, No. 3-05-CV-1490-P (N.D. Tex. Mar. 7, 2006). Three other federal writs filed by petitioner also were dismissed for failure to satisfy the exhaustion requirement. *Roberson v. State of Texas*, No. 3-06-CV-0739-R (N.D. Tex. May 9, 2006); *Roberson v. Quarterman*, No. 3-06-CV-1571-B, 2006 WL 2945572 (N.D. Tex. Oct. 11, 2006); *Roberson v. Quarterman*, No. 3-06-CV-1786-M, 2006 WL 3327654 (N.D. Tex. Nov. 14, 2006). On February 14, 2007, the Texas Court of Criminal Appeals denied petitioner's application for state post-conviction relief. *Ex parte Roberson*, No. 66,268-02 (Tex. Crim. App. Feb. 14, 2007). Having finally exhausted his state remedies, petitioner now returns to federal court.

II.

In three grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) the prosecutor failed to disclose evidence favorable to the defense; and (3) he received ineffective assistance of counsel.[2]

---

[2] Petitioner does not specify any grounds for relief in his federal writ. Instead, petitioner relies on his state writ and other pleadings, orders, and documents from various state court proceedings. Because a federal habeas court may consider only those claims that were presented to the highest available state court in a procedurally correct manner, *see Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989), the court will address the grounds raised by petitioner in his application for state post-conviction relief.

A.

Petitioner first contends that there was no evidence or insufficient evidence to support his conviction because the prosecutor "used a false police report and stated that all family members were lying to keep Billy John Roberson from going to jail." *Ex parte Roberson*, No. 66,268-02 at 7. Respondent counters that this claim is procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of a federal constitutional claim. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir. 1992), *cert. denied*, 115 S.Ct. 151 (1994). It is well-settled under Texas law that the sufficiency of the evidence cannot be attacked for the first time on collateral review in a motion for state post-conviction relief. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex Parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989).

2.

Petitioner did not challenge the sufficiency of the evidence on direct appeal. Instead, he raised this argument for the first time on state collateral review. The state court found that such a claim is not cognizable in a post-conviction habeas proceeding. *Ex parte Roberson*, No. 66,268-02

at 115, ¶ 1.³ This finding clearly indicates that the state court's decision was based on adequate and independent state grounds. Consequently, federal habeas relief is not proper. *Renz*, 28 F.3d at 432.

B.

Petitioner also accuses the trial judge of removing "favorable evidence" from his file. At issue are the statements of Norman Abernathy, Ernestine C. Abernathy, and Willie Donn Roberson, all of whom said that petitioner did not assault his daughter, Mashira Roberson. *See Ex parte Roberson*, No. 66,268-02 at 67-69. The court initially observes the sworn affidavits of these witnesses, in addition to exculpatory statements from Doris Smith and Thelma Fletcher, are included in the appellate record. (St. App. Tr. at 6-11). This shows that the trial judge did not remove the statements from the case file. To the extent petitioner alleges that the prosecutor failed to disclose this evidence prior to trial, as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the witness statements were known to petitioner and equally available to his attorney. Under these circumstances, there is no *Brady* violation. *See Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir.), *cert. denied*, 123 S.Ct. 14 (2002) (citing cases).

C.

Finally, petitioner criticizes his attorney for withholding certain evidence, for failing to object to the suppression of evidence by the prosecutor, and for doing "absolutely nothing to defend [him] in the case." *Ex parte Roberson*, No. 66,268-02 at 7.

---

³ Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). The crux of petitioner's claim is that the prosecutor used a false police report and accused certain witnesses of lying. Such an argument implicates the sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, No. 3-04-CV-1074-G, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004), *citing Williams*, 703 S.W.2d at 679-80.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067.

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523;

*see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

On state collateral review, the court found that petitioner failed to satisfy either prong of the *Strickland* test. *Ex parte Roberson*, No. 66,268-02 at 115, ¶ 3. Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that finding. His self-serving and conclusory allegations of ineffective assistance of counsel do not support a claim for habeas relief. *See Hereford v. Cockrell*, No. 3-03-CV-0566-D, 2003 WL 21999497 at *7 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003) (citing cases) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE